WILLIAM HARRIS ET AL. v. MARSHAL J. WOODARD ET AL.

*Question of fact for the jury.*

A firm was sued on an account and admitted its correctness. Plaintiff testified that one of the firm had admitted the correctness of the bill in conversation, but had said that he did not believe he was responsible on it. *Held,* that there was no evidence to go to the jury, and they should have been instructed to find for defendant.

Error to Houghton. Submitted Jan. 29. Decided Jan. 31.

ASSUMPSIT. Defendants bring error.

*S. F. Seager* for plaintiffs in error. If there is no dispute as to facts, and the proof is clear, it is the duty of the court to apply the law and pronounce judgment; and even if the evidence is not wholly on one side, the court should direct the verdict, if a verdict against the weight of evidence would be set aside. *Carnes v. Platt,* 7 Abb. Pr. (N. S.), 47; s. c., 38 How. Pr., 104; *Howard v. Smith,* 33 N. Y. Sup'r Ct., 128; *Godin v. Bank,* 6 Duer, 76; *Stuart v. Simpson,* 1 Wend., 376; *Dryden v. Britton,* 19 Wis., 24; *Parker v. Leman,* 10 Tex., 116; *Thomasson v. Groce,* 42 Ala., 431; *McCracken v. Roberts,* 19 Penn. St., 390; *Koos v. Steele,* 19 Penn. St., 203; *Thomas v. Thomas,* 21 Penn. St., 315; Proffatt on Jury Trials, § 354. Where the evidence clearly fails to make out the plaintiff's case, it is error to refuse an instruction to find for him. *Tefft v. Ashbaugh,* 13 Ill., 603; *Grand Trunk Ry. Co. v. Nichol,* 18 Mich., 180; *Wisner v. Davenport,* 5 Mich., 501; *Lane v. Old Colony Co.,* 14 Gray, 147; *Roach v. Hullings,* 16 Pet., 323; *Lee v. David,* 11 Mo., 116.

*T. M. Brady* and *Hoyt Post* for defendants in error.

COOLEY, J. Defendants in error brought suit upon

an account for goods sold. Plaintiffs in error defended. When the cause was called for trial, counsel for the plaintiffs below stated in opening the case to the jury that he supposed the account would be admitted, and turned to defendant's counsel, who at first said in effect, "You will have to prove your case," but immediately afterwards said, "I am informed by Mr. Seager [one of defendants below] that the bill is correct; that is, the amount of the bill; and that he told you so. If that is so we will admit it. The amount of the bill is $745.41."

Plaintiff's counsel then took the stand to testify to what took place between himself and Mr. Seager. The following is his evidence in full:

"On the first day of May last Mr. Seager came to my office at my request and I showed him this bill (being the bill above described), and also the note for $632 (being the note above described). I asked him about the correctness of this bill. He said 'the bill is correct, but we paid for it by giving Smith & Harris' note or notes,' I don't know which. 'The bill is correct; we paid it by giving Smith & Harris' note.' That is what he said in my office. I took a note of it at the time and wrote it down here on the bill in pencil. That is the bill which I showed to Mr. Seager just now, which Mr. Chadbourne (defendants' attorney) said was correct."

Whereupon defendant's attorney cross-examined the witness as follows:

"Q. Are you sure that Mr. Seager told you that the bill was correct, but was paid for by the notes of Smith & Harris?

A. He may have used the words 'we claim that it is paid for by the notes by Smith & Harris.'

Q. Did not Mr. Seager say to you in substance that it was a bill for which he was not responsible except to Smith & Harris?

A. No, I don't think he did; but he said that he was advised in the matter, and he did not believe that he was responsible; he didn't think he was, and he was so advised.

Q. Now, in talking with you in that conversation, did he not say in substance that the goods were not furnished upon the credit of Harris, Seager & Co., but on the credit of Smith & Harris, and that he had settled with Smith & Harris, and considered himself not liable to plaintiffs?

40 MICH.—

A. I think during the conversation he may have made such a statement. I think he did, that he claimed such."

The plaintiffs thereupon, without further evidence, submitted the case, and the judge left it to the jury to say whether the evidence made out a case for the plaintiffs. The jury found for the plaintiffs the amount of their bill.

We find no evidence in this case that could properly have been left to the jury. Mr. Seager admitted no liability; he contested it throughout. He admitted that plaintiffs had a bill for goods sold to a certain amount, but he denied that it was a claim against the defendants. His admission went no further than this. It fixed the amount of the claim, provided the liability was otherwise established; but to assume that he intended to admit the liability would be to assume that he intended to stultify himself, for the liability was the very fact he proposed to contest. There is no room for a suggestion that defendant's counsel on the trial intended an admission as broad as is now claimed; if he had been so understood it would be reasonable to conclude that plaintiffs would have rested upon his admission instead of going farther. But when they went farther and drew out exactly what the admissions of Mr. Seager were, it was not allowable to ask the jury to draw conclusions from those admissions which were directly opposed to their manifest intent and meaning. Seager did not even admit that defendants were ever liable; and he expressly said he had taken counsel and did not believe they were responsible. To permit a jury to hold them responsible on such evidence is to leave them at liberty to create a demand on evidence which negatived it.

The circuit judge was requested to instruct the jury to return a verdict for defendants, and he should have complied with the request. The judgment must be reversed with costs and a new trial granted.

The other Justices concurred.