WILLIAM ORR AND ALFRED A. CHESMORE, Respondents, *vs.*
| LUTHER B. HOW, AND ANN P. HOW, Appellants.

1. *Mortgage, to firm name.*—The fact that a mortgage is given to mortgagees in their firm name, does not affect its validity.

2. *Conveyance—Description in, what sufficient—Parol evidence to identify land, when proper.*—The description in a deed which gives the "beginning corner" and the several courses so that it may be easily identified is sufficient, and parol evidence may be adduced to identify the land, where its locality is called in question.

3. *Practice, civil—Pleadings—Caption—Names of parties.*—In suit by a firm where the individual names of plaintiffs are set out in the caption of the petition, that is sufficient.

*Appeal from De Kalb Circuit Court.*

*S. G. Loring*, for Appellants.

I. The mortgage deed was void for uncertainty of the description of land. The ambiguity was apparent upon the face of the instrument. (Hardy vs. Matthews, 38 Mo., 124.)

II. The opinion of Pritchard, that he could find the land from the description on the mortgage deed, was inadmissible. (Schultz vs. Lindell, 30 Mo., 320; Blumenthal vs. Ralls, 24 Mo., 113.)

*Strongs & Hedenburg*, for Respondents.

I. The caption of the petition shows both the firm and individual names of respondents, and the body of the petition shows that respondents were partners, and were sueing as such; this is enough. (Higgins vs. Han. & St. J. R. R. Co., 36 Mo., 431; State vs. Patton, 42 Mo., 530, *id.*, 537.) Besides this point is waived by the answer.

II. The evidence of John Pritchard, a surveyor—who is not contradicted—showed that the description of the land was definite, certain and well known. There was no error in admitting his evidence, and the note and mortgage.

ADAMS, Judge, delivered the opinion of the court.

This was a suit to foreclose a mortgage given by the defendants, to secure a note which had been executed by the defendant, Luther B. How, to the plaintiffs.

The defendant Ann P. How, the wife of Luther B. How, joined in the mortgage, and was made a defendant. There was no objection to her joinder.

The plaintiffs were co-partners under the name of Orr & Chesmore, which is shown by the caption of the petition. The note was executed to them by their partnership name, and the mortgage was given to them in their partnership name.

The defendants, on the trial, objected to the introduction of the note on the alleged ground of a variance between it and the note set forth in the petition. But there seems to be no substantial variance, and the court committed no error in admitting the note as evidence. The defendants also objected to the mortgage on the ground that there was no description of the property conveyed, and because it was made to the plaintiffs by their firm name. This objection was overruled, and the defendants excepted. The plaintiffs introduced a witness who was a surveyor, and he testified that he had surveyed the lot of land, and could find it from the description in the mortgage deed. This evidence was objected to by the defendants, but the objection was overruled, and the defendants excepted. The fact that the mortgage was given to the plaintiffs in their firm name, did not affect its validity.

The mortgage described a small parallelogram of land, and gave the "beginning corner," and the several courses and distances, so that it might be easily identified. In my judgment that was a sufficient description. I can see no objection to the evidence of the surveyor, which identified the description of the land as existing on the ground.

The evidence was unnecessary, as the mortgage itself sufficiently described the land. Parol evidence is not admissible to control the description of premises in a deed. The deed itself must give a sufficient description, but parol evidence may be resorted to, to identify the land as existing on the ground, in cases where its locality is called in question.

The objection that the suit was not brought in the proper names of the plaintiffs, is contradicted by the caption to the petition. The individual names of the firm are set out

in the caption, and that is all that was necessary. (Wagn. Stat., 1013 § 3.)

Judgment affirmed. All the judges concur.