———o———

CAPE GIRARDEAU & STATE LINE RAILROAD COMPANY, Respondent, vs. GEORGE G. KIMMEL, Appellant.

1. *Account stated—Evidence—Assent.*—A petition to recover an alleged balance found due upon settlement with the defendant, is not sustained by proof of the indebtedness concerning which the alleged settlement was made. It must appear that the defendant assented to the settlement or to the balance found against him.

2. *Account stated—Evidence—Dissent of party.*—An action upon account stated cannot be maintained where it appears that the defendant at the time dissented from the balance found, and claimed an additional credit which was disallowed.

3. *Corporations—Minutes—Evidence—Stranger—Settlement.*—The minutes of the board of directors of a corporation are not competent testimony against an outside party to prove a settlement made with him by a committee.

*Appeal from Cape Girardeau Court of Common Pleas.*

*Lewis Brown,* for Appellant.

I. At the close of plaintiff's evidence in chief, there having been no evidence offered tending to show " a final settlement on the 5th day of July, 1872," and a balance due from defendant of $298.42, or a less amount, the defendant's motion to dismiss should have been sustained, because there was an utter failure of proof. (Clark vs. Han. & St. Jo. R. R. Co., 36 Mo., 202; Smith vs. Han. & St. Jo. R. R. Co., 37 Mo., 287; Boland vs. Mo. R. R. Co., 36 *Id.*, 484; Jaccard vs. Anderson, 37 *Id.*, 91.)

II. The introduction of the minute book of the company to show a " final settlement," as well as the copy of the de-

fendant's statement dated May 20th, 1872, was improperly permitted, because : 1st—both were secondary evidence ; 2nd —the treasurer's book (shown to be in court) and the original statement were the best evidence, and should have been produced or accounted for, and did not tend to prove a " final settlement ;" 3rd—a party cannot prove his own admissions; (Moore vs. Sanborin, 42 Mo., 494 ; 38 Mo., 494 ; 33 Mo., 535,) 4th—the evidence must be pertinent to the issue.   The minute book of the company shows only the report of a committee "appointed to settle with the late treasurer ;" but does not show any assent of defendant to such settlement.

*Louis Houck, and Alex. Ross,* for Respondent.

Lewis, Judge, delivered the opinion of the court.

The cause of action is stated in the petition as follows : " That the defendant was the treasurer of plaintiff, acted and served as such from the 20th day of January, 1872, to the 5th day of July, 1872, and that he, as treasurer of plaintiff, on final settlement, on, to-wit, the said 5th day of July, 1872, was indebted to plaintiff in the sum of $298.42 balance on his settlement as treasurer of plaintiff; that the said balance due as aforesaid was demanded in writing ; that the said defendant, although requested to pay said amount, has failed, refused and neglected and still fails, neglects and refuses to pay said amount.   Wherefore plaintiff asks for judgment against the defendant for the sum of $400, with its costs."

If any recoverable demand appears in this statement it is upon an account stated, as known to the common law.   It is not alleged that the defendant ever received any money belonging to the plaintiff, or that he did any other act which could of itself originate an obligation to pay what the plaintiff demands.   The word "settlement"implies that there were previous transactions between the parties.   But whatever obligations such transactions may have imposed on either, became legally merged in the settlement or account stated, and a new obligation then attached to the party found in ar-

rear, which the law construes into a promise that he would pay the balance so agreed to be due. To maintain an action upon such premises, the first essential is, that the balance be acknowledged by the party to be charged. If a plaintiff seeks to recover for money received by the defendant and not accounted for, he must make those facts distinctly appear in his pleading. But if, in his petition, he elects to rely on a settlement made and a balance struck and agreed upon, he cannot in his proofs abandon that ground of recovery and fall back upon the original subject matter of the settlement. He may prove the earlier transactions, if necessary, as a foundation for the settlement and in order to explain it. But the settlement itself, or rather the defendant's assent in some shape to a balance found due, is none the less essential, as the very bottom upon which the right of recovery rests. These principles are as old as the law books, and as familiar to the profession.

The petition in this case is defective in its omission to state the defendant's promise—which, though implied in law must be pleaded as a fact—to pay the balance found against him. But as this defect was not objected to and was cured by the verdict, it is immaterial here.

The bill of exceptions purports to contain all the testimony offered in the cause. I have carefully examined it and cannot find a fact proved which even remotely tends to show that there was any final settlement or account stated between the parties. The defendant made a financial statement in May. But this was nearly two months before he ceased to act as treasurer, and before the alleged final settlement upon which the plaintiff sought to recover. The minutes of the board of directors were read to show that a committee reported the fact of their having settled with the defendant. This might have been proof against the corporation, but, as against the other party it was only hearsay. Moreover, if it established anything, it was the reverse of the essential feature in the plaintiff's case. The report exhibited the defendant's dissent from the committee's settlement, with his claim to an additional credit of $316.33 which they refused.

The whole conduct of the trial was apparently based upon an idea that the jury were to act as accountants between the parties to ascertain how the balance between them ought to stand upon a fair settlement. Testimony was admitted or excluded and eighteen instructions were given or refused upon that basis. The court proceeded upon a false theory from the beginning and so the record abounds with errors against both parties. With the concurrence of the other judges, the judgment is reversed and the cause remanded.