7

# J. O. EDMONSON et al., Respondents, v. LOVAN CARRIAGE & HARNESS COMPANY, Appellant.

### Springfield Court of Appeals, July 7, 1910.

1. **JUSTICES' COURTS: Action on Account: Amendments: Departure.** An amended statement filed in the circuit court, on appeal from a justice court, showing a specified balance in plaintiff's favor, with the allegation that said amount was "agreed to be due on settlement made between the parties for goods sold and delivered," was held not a departure from the statement filed in the justice's court for the same amount and stated to be "balance on settlement."

2. ———:. ———: ———: ———: **Sufficiency of Statement.** In an action originating in a justice's court on an account stated, it is held that the amended statement filed in the circuit court was not a departure, neither was it subject to the objection that it failed to state the defendant's promise to pay the balance alleged to be due for the case having originated in the justice's court no detailed statement of the cause of action was essential.

3. **ACTIONS: Partnerships: Pleading.** In an action prosecuted by a co-partnership, the real parties in interest are the individuals composing the co-partnership, and the action is properly brought in their names and not in the name of the firm.

4. ———: **Account Stated: Sufficiency of Evidence.** In an action on an account stated the evidence was conflicting as to whether or not there had been a settlement. *Held,* that this was a question for the trier of the facts, and that the evidence was sufficient to sustain the judgment for plaintiff.

5. ———: ———: ———: **Disputed Account: Settlement.** In a suit on an account stated, one of the defenses was that there had been a dispute as to the amount due and that defendant had given a check for a certain amount in full settlement. *Held,* that to sustain this defense it was essential to also show that the plaintiff received and retained the check in full settlement of the demand.

6. ———: ———: **Express Contracts.** Even though goods may be sold under an express contract to sell a stock of goods in bulk, there may afterwards be a settlement affording a basis for an action on the account stated.

Appeal from Greene Circuit Court.—*Hon. Alfred Page,* Judge.

AFFIRMED.

*Wright Bros.* for appellants.

(1) Plaintiff's statement does not state facts sufficient to constitute a cause of action. Railroad v. Kimmel, 58 Mo. 85. (2) Plaintiffs cannot sue on one cause of action and recover on another. The original statement was intended for an account stated. Koegel v. Givens, 79 Mo. 80. The amended statement is an account current. Cole v. Armour, 154 Mo. 351. Plaintiff must recover on the action pleaded or not at all. Koons v. Car Co., 203 Mo. 254; Laclede Construction Co. v. Iron Works, 169 Mo. 137. (3) J. O. Edmonson and R. A. Young sue while the evidence discloses the transactions were with R. A. Young & Co. Plaintiffs are not proper parties. Van Hoosier v. Dunlap, 117 Mo. App. 529; Tyrell v. Milliken, 135 Mo. App. 293; Bagnal v. Railroad, 180 Mo. 463.

*Hayward & Skinner* for respondent.

(1) The amended statement filed by the respondent in the circuit court was but an amplification of the original statement filed before the justice of the peace, and such amendment only rendered the original statement more definite and certain. R. S. 1899, sec. 4090; Cameron v. Hart, 57 Mo. App. 142; Evans v. Railroad, 67 Mo. App. 255; Eubanks v. Pope, 27 Mo. App. 463. (2) In actions prosecuted by a co-partnership, the real parties in interest are the individuals composing the co-partnership and the action is properly brought in their individual names, not in the firm name, which is a mere ideal entity. Orr v. How, 55 Mo. 328; Conrades v. Spink, 38 Mo. App. 309; Mitchell v. Railton, 45 Mo. App. 273.

149 App—9

NIXON, P. J.—This action was commenced before a justice of the peace by J. O. Edmonson and R. A. Young filing the following statement:

"Lovan Carriage & Harness Company, a corporation, debtor,

to

J. O. Edmonson and R. A. Young,

$100 balance on settlement."

Defendant defaulted and judgment was rendered for plaintiffs for the amount of their claim. On appeal to the circuit court defendant filed a motion praying that plaintiffs be required to make their statement more specific. Before action was taken on this motion, plaintiffs filed the following amended statement: (Caption omitted.)

"Amended Statement.

Lovan Carriage and Harness Company, a corporation,

to

J. O. Edmonson and R. A. Young, Dr."

"April 8, 1908, to balance agreed to be due on settlement made between the parties, for goods sold and delivered,                                    $289.25

| | |
|---|---|
| April 8, 1908, by cash by Ollie McCutcheon | $ 67.50 |
| May, 1908, by cash by Ollie McCutcheon | 60.00 |
| May, 1908, by cash by Ollie McCutcheon | 60.00 |
| | $187.50 |
| Balance Due | $101.75" |

Judgment was rendered for plaintiffs for one hundred dollars, the court hearing the case by consent of parties without a jury. Defendant has appealed.

I. Appellant contends that respondents' statement does not contain facts sufficient to constitute a cause of action in that the items of account are insufficient to inform the appellant of what the indebtedness consists. This is essentially an action on an account stated, not for goods sold and delivered. [Koegel v. Givens, 79 Mo. 78.]

It has been held that the petition must state the defendant's promise to pay the balance found against him. [Cape Girardeau & State Line R. Co. v. Kimmel, 58 Mo. 85.] Had this cause originated in the circuit court and such allegation been wanting in the petition, upon proper objection made before trial, the trial court would have erred in overruling the objection. But, as said in the case of Koegel v. Givens, supra, l. c. 80, where the same question was under consideration, "The case having originated in the justice's court, no detailed statement of the cause of action was essential."

II. The parties plaintiff were J. O. Edmonson and R. A. Young. Appellant contends that as the evidence shows that transactions to have been with R. A. Young & Company, a co-partnership, the court erred in overruling appellant's motion to require the respondents to state whether they were a co-partnership or a corporation, to state in what capacity they sued. No motion of this kind was made in the justice's court where the judgment was allowed to be taken by default with the same parties as plaintiffs. If, by any process of reasoning, it could be held that any error was committed by the circuit court in this regard, it was entirely harmless, because the evidence amply shows without any dispute that the firm of R. A. Young & Company was composed solely of J. O. Edmonson and R. A. Young. The statute, section 540, Revised Statutes 1899, requires that every action shall be prosecuted in the name of the real party in interest. In actions prosecuted by co-partnerships, the real parties in interest are the individuals compos-

ing the co-partnership, and the action is properly brought in their names, and not in the name of the firm. [Conrades v. Spink, 38 Mo. App. 309; Mitchell v. Railton, 45 Mo. App. 282; Orr v. How, 55 Mo. 328.]

III. It is insisted that the original cause of action was on an account stated, but that the amended statement shows an account current. The original statement was undoubtedly on an account stated, for $100. [Koegel v. Givens, 79 Mo. 78.] The amended statement shows the amount of the orignal settlement with credits, leaving a balance due on the settlement of $101.75. This embodies the same cause of action in almost the same words and is not a departure. True, it asks for $101.75 when the original statement asked only $100. It will be noticed in this connection that the judgment of the circuit court was for $100, the amount claimed in the orignal statement.

Appellant charges that respondent sued on an account stated while the evidence discloses that there were three express contracts. There is evidence tending to show certain contracts, but there is also evidence tending to show that all the dealings and transactions between the parties occurred prior to the date of the alleged settlement. Whether there was a settlement at all was a question of fact, and it has been resolved against the appellant by the trier of the facts in this case.

The further point is made that the evidence shows a prior settlement when R. A. Young & Company accepted a check from appellant for $70.71. This was one of the questions of fact, and has been determined in respondents' favor. There being substantial evidence on both sides of the issue, we cannot interfere.

We have examined the evidence and find that, while in strong conflict, it is amply sufficient to sustain the judgment.

IV. Appellant complains of the refusal of the court to give certain declarations of law.

Edmonson v. Carriage & Harness Co.

The first one requested by appellant declared, among other things, that if the court found that there was a dispute between the parties as to the amount owing, and that appellant gave a check for $70.71 to R. A. Young & Company in settlement of the amount owing "and the said R. A. Young & Company received and retained the check, then the plaintiffs cannot recover." The plaintiffs did receive and retain such a check, but they strenuously denied that it was taken in full settlement of their claim. The declaration should not have been predicated on the mere statement that defendant gave the check in settlement of the amount owing (perhaps it so understood), but should have required a finding that plaintiff received and retained the check in full settlement and satisfaction of their demand. The declaration might well have been given in the form in which it was presented, but it would not have worked a change in the result.

The third requested declaration is that if it should be found that by contract the plaintiffs sold the stock of goods in bulk, the plaintiffs could not recover. We apprehend that had there been an express contract to sell the goods in bulk, there could afterwards have been a settlement and the plaintiffs could then have sued on the account stated in the settlement in the same manner as was done in this case.

The fourth declaration requested by appellant is the offspring of appellant's contention that since J. O. Edmonson and R. A. Young were the parties plaintiff and the proof showed the transactions in controversy with R. A. Young & Company, a co-partnership, there could be no recovery. We have already passed on this question.

Finding no substantial error in the record, the judgment is affirmed. All concur.