## BEN B. RISK, Appellant, v. CHARLES DALE, Respondent.

### Kansas City Court of Appeals, May 3, 1915.

1. **ACCOUNT STATED: Settlement: Balance: Acknowledgment.** Where there is a settlement between two parties and a balance struck showing an indebtedness against one of them, this is not sufficient upon which to base an action on an account stated. It must be shown in addition, that the debtor acknowledged, or assented to the balance.

2. ————: ————: **Promise: Implication.** If on a settlement had between two parties a balance is found against one and he acknowledges, or assents to that balance, the law construes that into a promise to pay it.

Appeal from Platte Circuit Court.—*Hon. A. D. Burnes,* Judge.

AFFIRMED.

*Frank Settle* and *James H. Hull* for appellant.

*Terrance Riley* and *Guy B. Park* for respondent.

ELLISON, P. J.—This action is on an account stated. The verdict was for plaintiff and a motion for new trial sustained. Plaintiff bought a carload of

tobacco from different growers. He claims that defendant became equally interested in it with him and they were to share the profit or the loss and that there was a loss of $999.12, one-half of which, $499.56 fell upon defendant.

There was evidence tending to prove that defendant became equally interested in the tobacco and that after its sale, he and plaintiff had a settlement in which, after deducting total 'purchases by plaintiff from net sale the total loss was found to be $999.12, and that that sum was divided into halves, leaving a balance against defendant of $499.56, being the amount for which this action was instituted.

The reason assigned by the trial court for sustaining defendant's motion for new trial, was that error was committed in giving plaintiff's second instruction, which reads as follows: ". . . . if the jury find from the evidence that plaintiff and defendant had a settlement and that by this settlement a balance was due plaintiff from defendant in the sum of $499.56, which was due and unpaid then the jury may find that there was an implied promise by defendant to pay plaintiff the amount found due him."

The objection stated to the instruction is that it does not submit the hypothesis whether defendant assented to, or acknowledged the balance found to be against him. The first part of the instruction seems to recognize the necessity for an acknowledgment or assent to the balance found, but the latter part (quoted above) states, in terms, that the mere settlement and balance is proof of a promise. We think the trial court was right in concluding it was erroneous. It entirely omits the fundamental requisite that, in addition to the balance being found, defendant should have agreed, or assented that it was correct. It is, however, said to be supported by Koegel v. Givens, 79 Mo. 77, where the Supreme Court Commission say, that to

maintain an action on an account stated, "it is only necessary to prove that the settlement was made;" and that "on proof of the settlement having been made, the law would raise by implication a promise to pay by the debtor party." But the word "settlement" must have been used by the court in the sense of acknowledgment, or as including an acknowledgment. This was probably the intention from the fact that Cape Girardeau R. R. v. Kimmel, 58 Mo. 83, is cited, where the court says that to maintain an action when there has been a settlement and a balance struck, "the first esential is, that the balance be acknowledged by the party to be charged," and that an assent or agreement to the balance "is the very bottom upon which the right of recovery rests." And that is stated as the law in Bambrick v. Simms, 102 Mo. 158, the language of the court being, "where persons who have had transaction together, close the accounts by *agreeing* to a balance which appears to be due from one of them, this will constitute an account stated." So, if Koegel v. Givens is correctly interpreted by plaintiff, it is not in accord with this later case.

If there is a settlement and a balance found which is acknowledged, or assented to by the debtor, nothing more appearing, "the law construes (this) into a promise that he would pay the balance so agreed to be due." [Cape Girardeau R. R. v. Kimmel, supra.]

On retrial plaintiff's instruction number one, should omit the words "as set out in the petition." Otherwise it is quite liberal to defendant in its requirements and he has no cause of complaint.

The judgment is affirmed. All concur.