BUCKEYE BREWING CO. *v.* EYMER.

ACCOUNT STATED — COMPROMISE AND SETTLEMENT — PAROL EVI-
DENCE RULE.
> Where it appeared that plaintiff at different times presented
> statements of account in writing to the defendant, who
> signed them, but upon the trial testified that it had been
> previously agreed to compromise his claim against the plain-
> tiff for damaged goods, by allowing him a credit of a stated
> amount upon which future purchases should apply, evidence
> was admissible to prove the compromise, notwithstanding
> the signed statements, which presented a question for the
> jury, whether they were intended as mere memoranda of
> goods furnished or as final statements of account.

Error to Saginaw; Gage, J.   Submitted June 14,
1910.   (Docket No. 58.)   Decided July 14, 1910.

Assumpsit by the Buckeye Brewing Company against
Andrew Eymer upon an account stated.   A judgment for
plaintiff for an insufficient amount is reviewed by it on
writ of error.   Affirmed.

*Miles J. Purcell* and *Henry E. Naegely*, for appel-
lant.

*E. L. Beach*, for appellee.

HOOKER, J.   The defendant was a retailer of beer, do-
ing business at Saginaw, and for many years purchased
the beer that he sold from the plaintiff, a brewing com-
pany at Toledo, Ohio.   During this time—a period of
more than 25 years—there was an open account between
them, except as this statement may be affected by trans-
actions which, plaintiff's counsel contend, amounted to
settlements and statements of account.   It was customary
for plaintiff's representative to call upon defendant several
times each year, with statements of the account, when

differences would be talked over, adjustments made, and money paid and other allowances indorsed as credits, a balance struck, whereupon the defendant would sign the paper. According to the plaintiff's contention, these statements show a balance due it of $3,261.83, at the time of the trial. The defendant claims that prior to 1893 he suffered damage in his trade, from the furnishing of a poor quality of beer, and that an agreement was made between the parties adjusting said damages at $3,200. It was agreed, however, that he continue to buy beer of the plaintiff and should receive no part of said damages until an allowance of 25 cents a barrel upon his purchases of beer to be made thereafter should amount to that sum, viz., $3,200. Statements continued to be made and settled as before, but it was in contemplation of such allowance and application upon his account, when sufficient beer should have been purchased. The case was submitted to the jury who found a verdict for plaintiff of $67.90 after allowing defendant's claim of $3,200. The plaintiff appealed from the judgment entered upon the verdict.

Counsel for plaintiff say that the three assignments of error are all based on the proposition that these accounts stated preclude the interposition of a defense that there was a different understanding than that shown by the statements of account. In short, we understand plaintiff's counsel to contend that these statements of account being in writing and signed by the defendant cannot be varied by parol testimony. This cause was before us at the June term of last year, and is reported in 157 Mich. 518 (122 N. W. 124). The same questions were raised upon that record as upon this, and also some questions arising upon the instruction based on the pleadings, and upon the exclusion of evidence offered by the plaintiff. The decision was made to rest upon the latter, and no allusion is made in the opinion to the question of the right of defendant to question the statement of account. Moreover, we cannot say that the determination of such question was involved. Neither expressly nor by necessary implication

does that opinion sustain plaintiff's contention on that hearing.

We are of the opinion that the plaintiff's contention cannot be sustained. The parties do not agree upon the circumstances attending the making and signing of the statements. Defendant produced testimony that the first one made was accompanied by an agreement which, if established, showed that it was no more than an agreed memorandum of account of beer furnished, and of cash and some other credits allowed. It contained no express statement that it was a final account, nor any express promise to pay, while any implication of these is precluded by the express condition shown, viz., that it was subject to a conditional credit to be given later, and this testimony affects all subsequent statements. This raised a question for a jury. See 1 Cyc. pp. 381, 398; *Spellman* v. *Muehlfeld*, 166 N. Y. 245 (59 N. E. 817); *Valley Lumber Co.* v. *Smith*, 71 Wis. 304 (37 N. W. 412, 5 Am. St. Rep. 216); *Charlotte Oil & Fertilizer Co.* v. *Hartog*, 85 Fed. 150 (29 C. C. A. 56); *Batson* v. *Findley*, 52 W. Va. 343 (43 S. E. 142); *McCormick* v. *Railway Co.*, 154 Mo. 191 (55 S. W. 252); 1 Am. & Eng. Enc. Law (2d Ed.), p. 446 and note; *Harris* v. *Woodard*, 40 Mich. 408; *McColl* v. *Jackson Iron Co.*, 98 Mich. 482 (57 N. W. 578). See, also, 1 Cyc. pp. 368, 369, 375, 380; 11 Current Law, p. 22.

The judgment is affirmed.

OSTRANDER, MOORE, MCALVAY, and BROOKE, JJ., concurred.