# WESTERN NEWSPAPER UNION v. SEGERSTROM PIANO MANUFACTURING COMPANY.[1]

June 14, 1912.

Nos. 17,645—(124).

**Account stated.**

In order to constitute an account stated, it must be mutually agreed between the parties that the balance stated is due from the debtor to the creditor on the final adjustment of the dealings to which the account relates.

**Same — assent to account.**

The mere transmission of an account to the debtor is insufficient to show an account stated, it being essential that there should be some form of assent

[1] Reported in 136 N. W. 752.

---

[Note] Effect of retaining statement of account to render it an account stated, see note in 29 L.R.A.(N.S.) 334.

to the account; but such assent may be implied from the circumstances and the acts of the parties.

**Same — evidence of assent.**

Retention by the debtor of an account received by him, without objection, for an unreasonable time, is evidence of assent thereto, and is also an admission of its correctness, from which the law will imply a promise to pay the sum stated therein to be due.

**Question for jury.**

Evidence considered, and *held* sufficient to warrant the action of the trial court in concluding that it was a question for the jury whether there was an account rendered by the plaintiff on the transaction alleged in the complaint, and also whether the defendant seasonably made objection thereto.

Action in the district court for Hennepin county to recover $748.80 for advertising claimed to have been furnished between October 17 and 22, 1910. The case was tried before Holt, J., who denied defendant's motions to dismiss the action and a jury which returned a verdict in favor of plaintiff for $792.25. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*Richard & Coe,* for appellant.

*William Furst,* for respondent.

PHILIP E. BROWN, J.

This was an action to recover for advertising alleged to have been furnished and delivered by the plaintiff to the defendant, between October 17 and October 22, 1910, at its request, of the reasonable value and at the agreed price of $748.80, of which no part has been paid. The answer was in effect a general denial. The cause was tried to a jury, and the plaintiff had a verdict for the amount of its claim. Thereafter the defendant moved in the alternative for judgment or for a new trial. The motion was denied, and the defendant appealed.

During the trial the plaintiff, on the defendant's demand, elected to stand upon its allegations of an express contract to entitle it to recover. It appears that the defendant, during the year 1910, was a manufacturer of and a dealer in pianos, with headquarters in Minneapolis, and that the plaintiff, during the same period, was engaged

in the business of furnishing advertising for certain newspapers at a fixed price, with offices in Chicago. In September, 1910, the parties entered into a contract to the effect that the plaintiff would shortly thereafter "run" in various newspapers certain advertising matter for the defendant for an agreed price, to be paid by it, and soon thereafter, in accordance with such agreement, the defendant furnished to the plaintiff the necessary copy to enable it to carry out the contract on its part. It also appears that the plaintiff, under the contract referred to, undertook to have the defendant's advertisements printed in about twenty-six hundred newspapers.

The advertising manager of the plaintiff testified on the trial with considerable particularity concerning the manner in which its business was conducted. He testified that the plaintiff maintained thirty-three printing houses located in large cities in several states, and from these points it shipped what is known as "ready prints" to publishers of newspapers in small towns. These prints were printed on one side by the plaintiff, and contain the advertising matter contracted to be furnished by it to its customers, and are blank on the other. The managers of the plaintiff inspect the sheets sent out for the purpose of ascertaining that the contracted advertising matter is printed thereon. The publishing of the newspapers is done by the local publishers in the towns to which these prints are sent, and after publication such publishers forward to the plaintiff printed copies of such newspapers for each week, and these are sent to the advertisers who have contracted with the plaintiff, together with a statement of the publication. The assistants in the plaintiff's offices check each advertisement each week, to see that they comply with the contract.

It was also shown at the trial that on January 4, 1911, the plaintiff wrote the defendant the following letter, which was received by it:

"Chicago, Ill. Jan. 4th, '11.

"Segerstrom Piano Mfg. Co.,
        "Minneapolis, Minn.
    "Gentlemen:
    "We inclose herewith statement oi account showing amount due

us—$748.80.   This should have been paid some time ago.   Please give the matter your immediate attention and send us check to cover. Thanking you in advance for this courtesy, we are,

"Yours very truly,
"Western Newspaper Union,
"Alf. Washington,
"Western Advertising Manager,

"Enc."

The statement of the account referred to in the letter reads as follows:

"Statement of Account."

"Chicago, Jan. 3, 1911.

"Segerstrom Piano Mfg. Co.,
"Minneapolis, Minn.,
"To Western Newspaper Union, Dr.
"Proprietors,
"'Kellogg and Western Lists,'
"71–73 Adams St.
"Balance, $748.80."

On January 20, 1911, the plaintiff wrote, and the defendant received, the following letter:

"Chicago, Ill., Jan. 20th, '11.

"Segerstrom Piano Co.,
"Minneapolis, Minn.,

Gentlemen:

"We made draft on you January 17th for $748.80 through the First National Bank of your city and same has been returned by the bank unpaid.   We fail to see why you should allow this draft to be returned, inasmuch as the account is some time overdue.   If it is not

convenient for you, however, to pay the entire account at this time, kindly send us, per return, a substantial check on account, and a note for thirty days covering the balance. Your attention to this will be greatly appreciated.

"Yours very truly,
"Western Newspaper Union,
"Alf. Washington,
"Western Adv. Manager."

On February 7, 1911, the defendant wrote, in response to the plaintiff's communications above set out, and the plaintiff received, the following:

"Minneapolis, Minn., Feb. 7th, 1911.
"Western Newspaper Union,
"73 West Adams St., Chicago Ill.
"Gentlemen:
"We have lost all interest in the Western Newspaper Union on account of the way you treated us regarding this advertising. After stating definitely just when the advertising would run, you delayed the shipment one week to another while we had advertising of a similar nature running in other papers, and only started the advertising at the close of the contest, so that we got no results whatever in the advertising run in your paper. In the early spring we got splendid results; in this last ad we did not get enough sales in the aggregate to pay for the advertising. While I do not like to have any trouble or any disputes with you, still at the same time I think that you ought to stand your share of our loss. Kindly let us know what you will do along these lines, and we will see if we cannot get the matter adjusted without any attorneys, if you desire.

"Yours truly,
"Segerstrom Piano Mfg. Co.,
"Per V. E. Segerstrom."

It was established on the trial that the defendant had paid nothing

·on the contract. At the close of the plaintiff's case in chief the defendant moved the court to dismiss the cause upon the following .grounds: (1) The evidence did not justify submitting to the jury the claim made by the respondent in its complaint. (2) The evidence was insufficient to warrant a finding against the appellant. (3) The evidence was insufficient as a whole to warrant a verdict ·as against appellant. (4) There was no evidence to support the ·claims of the respondent in this case. The motion was denied. The defendant then, without offering any proofs, rested its case and moved for a directed verdict on the same grounds. This motion was also denied, and exceptions were duly taken, and the rulings are here assigned as error, and are also the main reasons urged for a reversal.

Thereafter the court charged the jury, among other things, as ·follows: "It is uncontradicted that there was some conversation between the president of the defendant and the manager of plaintiff in Chicago, about the fifteenth of September, with reference to furnishing this so-called advertising in a number of papers all over the ·country, and the copy of the advertisement was furnished plaintiff; and it is claimed by plaintiff that it did according to this agreement publish or furnish the advertisement in these papers. You have heard the testimony in that regard as to the regular way in which plaintiff is doing business, and further than that there is no evidence that these advertisements were run in those papers, unless you should find it from the subsequent correspondence between the defendant and plaintiff. There is no evidence as to the agreed price in this case, although it is testified to by both the manager of the plaintiff and the defendant that there was an agreed price; but what that price is there is no evidence, unless it be in the account furnished by the plaintiff to the defendant, the account of the work.

"Now, gentlemen of the jury, the law is this: That if there is an account between parties, a transaction between them, and the one furnishes the other with a statement as to his claim, and the other party to whom the statement is furnished does not within a reasonable time make any objection, it may be a presumption that he agrees to the correctness of the account. And it is for you to say whether,

upon this controversy here, what passed between the parties subsequent to October 22—that is, the sending of an account to the defendant and its retention by it—establishes the fact that the advertisement was furnished as contracted for, and whether or not that was the agreed price between the parties. Now, when a statement is furnished, and there are certain objections within a reasonable time, then, of course, the evidence as to acquiescing in the account furnished by silence is out of the case.

"Now, if upon this evidence and these instructions you come to the conclusion that the fair preponderance of the testimony shows that plaintiff furnished the advertisement as it had agreed upon to the defendant, and that the agreed price was that claimed in the complaint, $748.80, then your verdict should be for plaintiff for that sum and interest."

These instructions state the law of the case as to the plaintiff; and, as to the defendant, if the court was justified in giving them, it necessarily follows that the rulings of the court in denying the defendant's motion to dismiss the action, and also in refusing to direct a verdict in its favor, were correct.

It is true that to warrant the conclusion of an account stated it must be mutually agreed between the parties that the balance stated is due from the debtor to the creditor on the final adjustment of the dealings to which the account relates. The mere transmission of an account to the debtor does not show an account stated, for it is essential there should be some form of assent to the account. This, however, may be implied from the circumstances and acts of the parties, and the retention of the account without objection for an unreasonable time is evidence of such assent, and is also an admission of its correctness, from which the law will imply a promise to pay the sum stated to be due therein. 1 Am. & Eng. Enc. (2d ed.) 450; note to Shaw v. Lobe (Wash.) 29 L.R.A.(N.S.) 335. This court has held that where the debtor party on an account receives a statement thereof, and retains it without objection beyond a reasonable time under the circumstances, he is considered to have acquiesced in its correctness. Elwood v. Betcher, 72 Minn. 103, 75 N. W. 113.

We are unable to see why the fact that the account in the instant

case stated merely the balance claimed by the plaintiff, when considered with the letter accompanying it, should take the case out of the rule above stated. We therefore hold that the evidence in this case, considered in connection with the quoted correspondence of the parties, was sufficient to warrant the court in concluding that it was a question for the jury whether there was an account rendered by the plaintiff on the transaction alleged in the complaint, and also whether the defendant seasonably made objection thereto. Hence we hold that there was no error in giving the instruction above recited.

Other questions raised by the defendant have been considered, but require no discussion.

The objections and motions interposed by the defendant on the trial were of the technical kind, which do not appeal favorably to this court. On the whole case we find no reason for disturbing the verdict.

Order affirmed.

HOLT, J., tried the case below, and took no part here.