# South Side Trust Co. *v.* Washington Tin Plate Co., Appellant.

*Corporations—Sale of property to another corporation—Interlocking directorates—Account stated—Court and jury—Case for jury.*

1. Even though the boards of directors of two corporations are the same and one buys the property of the other, the transaction is not void and will not be set aside at the instance of a stockholder unless he shows damage. A contract between two corporations will not be declared invalid merely because the corporations have common directors where its fairness is manifest. The fairness of such a contract is always open to investigation and subject to careful scrutiny.

2. The gist of an action on an account stated consists in an agreement to, or acquiescence in, the correctness of the account, and in proving the account stated it is not necessary to show the nature of the original transaction or indebtedness, or to set forth the items entering into the account.

3. A corporation transferred its property to three of its stockholders, who in turn conveyed the property to a newly organized corporation of which they were directors. For nearly four years entries were made on the books of both companies showing the indebtedness owing by the new corporation to the original corporation. In an action brought by the trustee in bankruptcy of the original corporation against the new corporation to recover the amount of such indebtedness, there was no allegation or proof of fraud on the part of the stockholders to whom the property of the

original corporation had been conveyed; defendant contended that the transaction was void because the directors of defendant had been stockholders of the original corporation and also that the time of the organization of the new corporation one of the directors individually agreed to assume the debt due the original corporation upon the understanding that the debtor company was to be released.   The evidence as to whether the defendant had been released from liability as contended, was conflicting.   The trial judge ruled that the fact that the indebtedness of defendant to plaintiff had been acquiesced in for nearly four years created a valid claim on behalf of plaintiff, and allowed the jury to determine whether the debt due plaintiff had been assumed by the director in such a way as to release the debtor company.   The jury found a verdict for plaintiff upon which judgment was entered. *Held,* no error.

Argued Oct. 26, 1915.   Appeal, No. 147, Oct. T., 1915, by defendant, from judgment of C. P. Allegheny Co., Oct. T., 1913, No. 2287, on verdict for plaintiff, in case of South Side Trust Company, of Pittsburgh, Trustee in Bankruptcy of the McClure Company, a corporation, v. Washington Tinplate Company.   Before BROWN, C. J., MESTREZAT, POTTER, MOSCHZISKER and FRAZER, JJ. Affirmed.

Assumpsit on an account stated.   Before EVANS, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $72,726.15, and judgment thereon.   Defendant appealed.

*Errors assigned,* among others, were the charge of the court and in refusing defendant's motion for judgment n. o. v.

*Edwin W. Smith,* of *Reed, Smith, Shaw & Beal,* with him *Charles H. Sachs,* for appellant.—Where the majority of directors of one corporation are also directors of another a contract between the two corporations is voidable: Thomas, Trustee, v. Brownsville, Fort Kearney and Pacific Ry. Co., 2 Fed. 877.

A party seeking to impeach an account stated having at the time of the accounting knowledge of the errors entering into the account will not be allowed to impeach the account: Ranald S. S. Co. v. Weisenberg & Co., 122 Fed. Rep. 969; Turner, et al., v. Pearson, 93 Ga. 515; Linville, et al., v. State, 130 Ind. 210; Kilpatrick v. Henson, 81 Ala. 464; Johnson v. Callatin Valley Milling Co., 38 Mont. 83; Marmon v. Waller, 53 Mo. App. 610.

It is error to submit a fact or question to the jury on which there is no evidence: Haines v. Stouffer, 10 Pa. 363; Cobbs v. Fogalman, 1 Iredell 440; Calvert v. Good, 95 Pa. 65; Ruffner v. Wolfe, 14 Pa. Superior Ct. 513; Del. & Hudson Canal Co. v. Torrey, 33 Pa. 143.

*William A. Challener,* with him *Clarence Burleigh* and *L. M. Shoemaker,* for appellee.—Payment of an account does not preclude the one who stated the account from showing a mistake: Allegheny Light Co. v. Thoma, 31 Superior Ct. Rep. 102.

OPINION BY MR. JUSTICE POTTER, January 3, 1916:

This was an action brought to recover upon an account stated, between The McClure Company, and the Washington Tin Plate Company, both being corporations organized under the laws of Pennsylvania. The amount due to The McClure Company, according to the account stated, was $69,291.24, and in addition to this certain amounts for interest, exchange, commissions and discounts were claimed, which less certain credits brought the total claim up to $86,300.58. Defendant denied all indebtedness to plaintiff, and claimed that a balance was due to it from plaintiff. At the trial it was agreed that if plaintiff was entitled to recover anything, the verdict should be in its favor for $72,726.15, and if not, defendant was entitled to a certificate for $2,058.27. The jury found for the plaintiff for $72,726.15, and defendant has appealed.

The material facts, as shown by the evidence upon the

trial, were substantially as follows: From 1893 to 1903 a partnership did business in the City of Pittsburgh under the name of The McClure Company as jobbers in tin plate and metals. In the latter year the firm purchased the stock of the Washington Charcoal, Iron and Tin Mills, which owned a plant at Washington, Pennsylvania, where it manufactured tin plate. The name of the latter corporation was changed to that of The McClure Company, and both the manufacturing business at Washington and jobbing business at Pittsburgh were from that time carried on by The McClure Company. In 1907 a new corporation, the Washington Tin Plate Company was organized and incorporated for the purpose of carrying on the manufacturing part of the business, which it has since done.

On September 23, 1907, The McClure Company conveyed all its real estate and personal property, constituting its manufacturing plant at Washington, to William Flinn, O. J. McNulty and John J. O'Connor, three of its stockholders and, on October 9, 1907, Flinn, McNulty and O'Connor conveyed the same property to the Washington Tin Plate Company. Prior to the execution and delivery of the deed of October 9th, an inventory and appraisement of the personal property in the mill was prepared and on October 31, 1907, an entry was made on the day book of the defendant company, by which it was charged with the sum of $88,427.60 due The McClure Company. It was agreed by counsel that a copy of the entry should be put upon the record, but this does not appear to have been done. Appellee prints in its paper book what purports to be a copy. It appears that a corresponding entry was made in the books of The McClure Company.

From October 31, 1907, to November 30, 1911, the defendant company rendered statements showing the balances due the latter at the end of each month, the balance for October 31, 1911, being $69,143.01. Defendant's ledger showed that on November 30, 1911, it owed The

McClure Company $69,291.24. Defendant's expert accountant testified that assuming the original charge of $88,427.60 to be correct, the amount due by defendant to The McClure Company at the date of the trial was $74,784.42. Deducting an undisputed offset of $2,058.27 leaves $72,726.15, the amount of the verdict. Counsel for appellant contends that the entry of $88,426.15 upon defendant's books, and the subsequent entries based thereon, were improper by reason of the fact that the same individuals were at the time directors of both corporations. Contracts between two corporations made under such circumstances are always open to investigation, and subject to careful scrutiny. But if no abuse of trust relations is shown, and the contract is fair, it will not be disturbed. In Mercantile Library Hall Co. v. Pittsburgh Library Assn., 173 Pa. 30, this court said (p. 41): "It is not meant to be intimated that the same person may not legally and properly act as director in two corporations, even when dealing with each other. The interests of corporations are sometimes so interwoven that it is desirable to have joint representatives in their respective managements, and at any rate it is not uncommon and not unlawful practice. But the action of such persons should be open, and free from any suspicion of secret dealing in favor of one principal while acting as the representative of the other. Such action is always open to investigation, and the utmost good faith must not only exist but be made manifest." In 3 Cook on Corporations (7th Ed. 1913), Section 658, it is said: "As a rule, even though the boards of directors of two corporations are the same, and one buys the property of the other, yet the transaction is not void, and will not be set aside at the instance of a stockholder, unless he shows damage. A contract between two corporations will not be declared invalid because the corporations have common directors, where its fairness is manifest." In the present case there was nothing in the evidence to indicate that the action of the directors was in any respect

improper or unfair to either corporation, nor was there any specific allegation of improper conduct.

This action was brought upon an account stated, the gist of which consists in an agreement to, or acquiescence in, the correctness of the account, so that in proving the account stated, it is not necessary to show the nature of the original transaction, or indebtedness, or to set forth the items entering into the account. Where the evidence tending to show the statement of account is not in dispute, the question as to whether the transaction amounts to an account stated, is for the determination of the court. Here, the trial judge charged, that as the indebtedness was entered on the books of both companies, and accepted and acquiesced in for nearly four years, "Whatever may have been the foundation of this claim, good or bad, the fact that it was agreed upon and acted upon by the parties, for the purpose of this case made that a valid and existing claim due from the Washington Tin Plate Company to The McClure Company." No exception to this statement was taken, nor was it assigned as error.

Counsel for appellant contend that there was evidence tending to show that there was an agreement, at the reorganization of the Washington Tin Plate Company, December 1, 1911, that the balance then due The McClure Company should be assumed by John J. O'Connor, and the debtor company released. No written agreement or release was executed, and the testimony of O'Connor that such an agreement was made, though corroborated by other witnesses, was flatly contradicted by the testimony of plaintiff's witnesses as well as by some of the circumstances of the case.

This question depended for its determination upon conflicting oral testimony, and it was clearly for the jury. It was the only question submitted to them and by their verdict, they answered it in favor of plaintiff. In Second National Bank of Pittsburgh v. Hoffman, 229 Pa. 429, we said through Mr. Justice BROWN (p. 433):

"We have many times said that when the establishment of a question of fact depends upon oral testimony, the credibility of the witness or witnesses is for the jury alone, and it is their exclusive province to determine whether, from such testimony, the fact in dispute has been established." In Page v. Moore, 235 Pa. 161, we again said (p. 166): "As the establishing of facts material to the issue depended upon oral testimony, it would have been error if the court had taken the case from the jury: Second National Bank of Pittsburgh v. Hoffman, 229 Pa. 429; Fry v. National Glass Co., 219 Pa. 514. Where the court could not have given binding instructions, it cannot enter judgment non obstante veredicto thereafter."

Counsel for appellant also argue that because certain letters and promissory notes were sent by the treasurer of The McClure Company to defendant from time to time, without any mention of the old account, they amounted to an account stated between the parties, and plaintiff was therefore estopped from setting up any greater indebtedness than was shown by such account. The court below was of opinion that, while the fact that these letters were written and notes given after the reorganization of defendant company might be evidence in support of defendant's contention that The McClure Company had accepted O'Connor as its debtor and released defendant, it was not conclusive on the subject. Plaintiff's witnesses, Askin and T. C. McClure, explained the letters and notes as having no relation to the old indebtedness, so that the testimony on this point raised a question of fact, to be decided by the jury.

We agree with the view of the court below, as to all these questions. In view of the fact that the evidence was largely oral, and that the credibility of the witnesses was involved, the case could not properly have been taken from the jury.

The third and fourth assignments allege error in certain instructions to the jury as to an agreement said

to have been made for the payment of one-half the debts of the defendant company in cash, and the assumption of the other half by O'Connor. It is urged that there was not sufficient evidence of such an agreement to go to the jury, and the question should not have been submitted. An examination of the charge does not show that any such question was submitted. The trial judge expressly stated that it was admitted that the agreement was not carried out and therefore it could have no effect on plaintiff's claim, adding "the question which is material here is, was this entire claim assumed by Mr. O'Connor by an agreement between him, Mr. McClure and Mr. Askin."

The supplement to the charge, which is the subject of the fourth assignment, is to the same effect. Nowhere does it appear that the judge submitted to the jury any question, except whether there had been an oral agreement that O'Connor should assume defendant's entire indebtedness to The McClure Company and defendant be released from such indebtedness.

The assignments of error are overruled, and the judgment is affirmed.