FOSTER & CONNOLLY, a Copartnership Consisting of W. R. Foster and P. L. Connolly Doing Business under the Foregoing Firm Name and Style, with Principal Place of Business at Minot, North Dakota, Respondent, v. M. E. DWIRE, Appellant.

(172 N. W. 782.)

**Default judgment — application to open — affidavit of merits — sufficiency of — affidavits — exhibits.**

Defendant made application and served motion to open a default judgment. She made an affidavit of merits sufficient in form and substance, which was supported by other affidavits and exhibits: The trial court denied the motion.

*Held* under the circumstances existing in this case such denial by the trial court was an abuse of its discretion.

Opinion filed April 15, 1919.   Rehearing denied May 9, 1919.

Appeal from the District Court of Ward County, *K. E. Leighton,* J. Reversed.

*George H. Stillman (John A. Van Wagenen,* of counsel), for appellant.

Lack of order for judgment is fatal to a judgment.   Crane v. Bank, 26 N. D. 268, 144 N. W. 96; Comp. Laws 1913, §§ 7667–7677.

Upon the hearing of a motion to open a default judgment the allegations of the affidavit of merits and of the answer tendered may not be controverted, nor the issues on the merits presented therein be controverted by counter affidavits, nor determined by the court, the sole issue for determination being the sufficiency of the excuse for the default presented by the moving party.   Reference is had to the verified answer only to the extent of determining whether the same presents a substantial and meritorious defense.   Racine-Sattket Mfg. Co. v. Pavlicek, 21 N. D. 222, 130 N. W. 228.

In a case where the facts are such as to lead the court to hesitate before it refuses to open the judgment, it is better, as a general rule, that the doubt should be resolved in favor of the application. Grady v. Donahoo, 108 Cal. 211, 41 Pac. 41.

*Fisk & Murphy,* for respondent.

GRACE, J.   Appeal from the district court of Ward county, K. E. Leighton, Judge.

This is an appeal from an order of the district court of Ward county denying plaintiffs' motion to vacate a judgment entered in the above-entitled cause in plaintiffs' favor, April 3, 1918, by default for $2,128 and $83 costs.   The defendant served upon the plaintiff proper notice of motion in which notice was given that on September 11th at 10 o'clock A. M. the appellant would apply to K. E. Leighton, Judge, for an order vacating and setting aside the judgment in question.   The motion was heard and the application to vacate the judgment was denied.

The grounds stated and relied upon for a vacation of the judgment are, in substance, as follows:

Such complaint was not verified and judgment was entered without an assessment of damages as contemplated by statute; that plaintiff had no capacity to sue; that judgment was wrongfully and fraudulently entered in this respect; that immediately following service of summons and complaint upon defendant, she called upon plaintiff and took up with them the matter of the action and the installation of certain plumbing and heating appliances which were installed in her building by the plaintiff, and the improper manner in which the same had been done; that on February 5, 1918, the plaintiff promised and agreed to dismiss the action and informed the defendant that she need pay no further attention thereto; that she relied upon such promise and statement and made no appearance or defense to the action, and did not know that any further proceedings had been taken until June 15th, when, upon ordering and obtaining an abstract of title to certain property, she learned that judgment had been entered against her; that between February 5, 1918, and the time she learned of the entry of judgment, she paid plaintiff large sums of money and fully paid and discharged all of her indebtedness to plaintiff; that between February 5, 1918, and the date of the motion, the position of plaintiff with reference to the property had not been changed to their prejudice; that defendant had a good and substantial defense to the cause of action.

To support these contentions, the appellant served her affidavit of merits which substantially sets forth the foregoing matters claimed by her to be true. In support of her application were the affidavits of Gertrude Dwire, G. H. Bugenhagen, and exhibit D, a certificate under the official hand and seal of T. N. Henderson, clerk of court of Ward county. The appellant also tendered an answer which stated a good defense. She brought herself squarely within the letter and spirit of the law both statutory and as defined and determined by the decisions of this court with reference to the opening and vacating of a default judgment. It is well settled in this state that, on an application for the vacation of a default judgment, the affidavit of merits cannot be controverted with reference to the merits of the proposed defense; in so far as the affidavit of merits sets forth the facts which

42 N. D.—21.

are to constitute the defense, it cannot be controverted by counter affidavits. Counter affidavits are limited to the alleged facts in the affidavit of merits which seek to excuse the default. If the affidavit of merits shows that judgment was entered against the one applying for vacation of the judgment through a mistake, inadvertence, surprise, or excusable neglect, the opposing affidavits are limited in their scope to controverting such alleged facts. Minnesota Thresher Mfg. Co. v. Holz, 10 N. D. 17, 84 N. W. 581, and authorities therein cited; Racine-Sattley Mfg. Co. v. Pavlicek, 21 N. D. 227, 130 N. W. 228.

Assuming that plaintiff's affidavit and those made in support thereof were such in substance as would, to some extent, controvert defendant's affidavit in this respect, we are clear on a full consideration of all the facts of the affidavit of merits offered in support of the motion and the amended and substituted notice of motion and the facts set forth in the proposed answer, which was duly verified, there was an abuse of discretion by the court in refusing to vacate the judgment. The action in which the judgment was entered was one to foreclose a mechanics' lien. The complaint alleged the lien was duly filed in the office of register of deeds of Ward county. The proposed answer, and the amended and substituted notice of motion, state that no such mechanics' lien was ever filed or claimed against defendant's premises. This is further shown to be true by the certificate of T. N. Henderson, clerk of the district court of Ward county, which certificate is exhibit D. Such official, under his land and official seal, certifies that no mechanics' lien in favor of Foster & Connolly and against M. E. Dwire was ever docketed or indexed in his office against lots 13 and 14, block 10 of the original town site of Minot since the first Monday of January, 1917. This certificate is dated the 21st day of September, 1918. This period of time includes the first Monday of January, 1917, which was prior to the service of the summons, to the 21st day of September, 1918, which was the time the motion to set aside and vacate the default judgment was finally heard. Notwithstanding this, the court in its findings of fact states that the mechanics' lien in question was duly filed for record in the office of the clerk of the district court on the 21st day of January, 1918, and ordered and directed that the premises described in the complaint be sold. The court made further orders commonly made in the foreclosure of mechanics' liens.

If there were no mechanics' lien in fact, and the action being one to foreclose a mechanics' lien, the court had no jurisdiction to enter judgment of foreclosure sale of the premises. A statutory mechanics' lien must exist before it can be foreclosed. The court ordered the premises sold and the amount received on such sale applied to the discharge of the amount claimed to be due on the lien and a deficiency judgment for the balance. Considering all these facts and circumstances, and the strength and positiveness of defendant's affidavit and the other affidavits in support thereof, and the certificate of the clerk of court, and the further fact that the answer states a good defense if proved, we are certain the court abused its discretion in refusing to vacate the judgment. We are of the opinion the judgment should have been vacated and the defendant allowed to defend the action and have her day in court. It is so ordered. A motion was made to dismiss this appeal, which is denied.

The order appealed from is reversed. The defendant is entitled to her costs on appeal.

BIRDZELL, J., and CHRISTIANSON, Ch. J. (dissenting). We are constrained to disagree with the majority in finding that there has been an abuse of discretion in the refusal to open the default judgment. In opposition to the moving affidavits, the plaintiffs presented affidavits of both partners and of the architect employed by the defendant. The affidavit of the architect shows in detail and by itemized statement the settlement arrived at, under which the defendant was to pay to the plaintiffs $2,068.73. The affidavits of the plaintiffs squarely contradict that of the defendant concerning the dismissal of the action, and state that it was the understanding that, if the amount agreed upon was paid within thirty days, the action would be dismissed without costs to the defendant. According to all of the affidavits the defendant knew as early as June that the judgment had been entered, but yet she shows no reason for the delay from June to September, in moving to vacate the judgment; although she claimed to have a defense. Nor does she contradict the plaintiffs' statement that, after knowledge of the judgment, she made part payment thereon. Under these facts, it seems to us that there cannot be said to have been an abuse of discretion in denying the defendant's motion. While

the discretion in such cases is one that should be exercised in such a way as to give defendants their day in court, it seems to us that in the instant case the circumstances do not show an abuse of discretion. The order is well supported by facts which negative circumstances entitling the defendant to be relieved.