W. R. FOSTER and P. J. Connolly, a Copartnership Doing Business as Foster & Connolly, Appellants, v. M. E. DWIRE, Respondent.

(199 N. W. 1017.)

**Fraud — fraud or misrepresentation not inducing agreement to correctness no defense to action thereon.**

1. Fraud or misrepresentation prior to the settlement of an alleged account stated will not defeat plaintiffs' cause of action upon the account stated unless it appears that the defendant was induced to agree to the correctness of the account by or because of such fraud or misrepresentation.

**Instructions — as to evidence necessary to set aside account stated, on ground of fraud, held correct.**

2. Instructions with reference to fraud or misrepresentation necessary and sufficient to set aside an account stated examined, and, for reasons stated in the opinion, held correct.

**Account stated — may be impeached or set aside for fraud.**

3. An account stated or a settled account may be impreached or set aside on the ground of fraud.

---

Note—(3) Impeachment of account stated for fraud, see annotation in 11 A.L.R. 597; 1 R. C. L. Supp. 217; 4 R. C. L. Supp. 15.

(4) Confining instructions to pleading and evidence, 14 R. C. L. pp. 784, 786; 3 R. C. L. Supp. 284; 4 R. C. L. Supp. 919; 5 R. C. L. Supp. 777.

(6) Future promise as fraud, see annotation in 10 L.R.A.(N.S.) 640; 24 L.R.A. (N.S.) 735; 12 R. C. L. 261; 2 R. C. L. Supp. 1410; 5 R. C. L. Supp. 640.

**Instructions — should be confined to issue presented by evidence; instructions on issues not warranted by evidence and calculated to mislead jury reversible error.**

4. Instructions should be confined to the issues presented by the evidence; and instructions on issues or matters not warranted by the evidence and which are calculated to mislead the jury, constitute reversible error.

**Account stated — plaintiff must prove account and unqualified assent to its correctness; plaintiff cannot recover on a quantum meruit or on previously existing account.**

5. The suit being on an account stated, the plaintiffs must prove the account and an unqualified assent to its correctness by a preponderance of competent evidence. Plaintiffs cannot recover upon a quantum meruit or upon the previously existing account.

**Fraud — may be predicated on nonperformance of promise.**

6. Fraud may be predicated on the nonperformance of a promise, where the promise is made for the purpose of accomplishing a fraud; the fact that the thing promised lies wholly in the future does not preclude the defendant from asserting fraud as a defense when, at the time the promise is made, the promisor has no intention to perform, but intends by such promise to deceive the promisee and induce him to act otherwise than he would have acted but for such promise.

**Fraud — promise made without intention to perform involves misrepresentation of fact.**

7. When a promise is made, the promisor by necessary implication asserts a present and bona fide intention to perform; if, therefore, the intention to perform be not present, there is a misrepresentation of a fact upon which fraud may be predicated. The gist of the fraud, in such a case, is not the breach of the agreement to perform, but the fraudulent intent of the promisor and the false representation of an existing intention to perform when such intent is in fact nonexistent.

**Fraud — intent inferable from evading performance by promisor, after promisee's performance; evidence of promisor's subsequent conduct admissible to show intent and motive.**

8. The intention not to perform may be inferred from the fact that after performance by the promisee the promisor does not even make a pretense of carrying out his promise or evades and refuses to perform it. Evidence of the promisor's subsequent conduct may be admissible to show fraudulent intent and motive for making an alleged fraudulent representation.

**Evidence — held sufficient to support finding that promise fraudulently made to induce defendant to agree to alleged account.**

9. For reasons stated in the opinion, it is held, that there is sufficient evidence in the record to support a finding by the jury that the promise to

correct the defects alleged to have existed in the heating plant and the hot water system was not made in good faith and with intention to perform the same, but in order to induce defendant to agree to the alleged account.

**Appeal and error — where jury found against counterclaim, denial of plaintiff's motion to dismiss, held not prejudicial error.**

10. Denial of the plaintiffs' motion to dismiss defendant's counterclaims, if error, was error without prejudice, the jury having found against the defendant upon such counterclaims.

Opinion filed July 25, 1924.   Rehearing denied September 15, 1924.

Accounts and Accounting, 1 C. J. § 268 p. 687 n. 59; § 301 p. 697 n. 80, p. 698 n. 82; § 302 p. 698 n. 86; § 335 p. 709 n. 31; § 371 p. 720 n. 63; § 397 p. 726 n. 61, 62, 64 New; § 401 p. 728 n. 94; § 403 p. 729 n. 2; § 405 p. 730 n. 19.   Appeal and Error, 4 C. J. § 3005 p. 1020 n. 79.   Fraud, 26 C. J. § 26 p. 1093 n. 95, p. 1094 n. 99, p. 1096 n. 14, 15:   27 C. J. § 190 p. 57 n. 98, 99; § 205 p. 70 n. 40.   Trial, 38 Cyc. p. 1617 n. 34; p. 1618 n. 36; p. 1621 n. 44.

Action on account stated.   Appeal from judgment of the District Court of Ward County, North Dakota, *Lowe,* J.

Affirmed.

*Fisk, Murphy & Nash,* for appellants.

There is some question raised as to whether an account stated must cover all transactions whatsoever.   Parties holding mutual and open claims against each other may agree as to some of such items, leaving other items for future adjustment, and an action upon an account stated may be maintained for the balance arrived at from the items considered.   But in such action the party against whom the balance is claimed may offset against it any balance which he claims from the items not included in the settlement.

The California case states the rule to be "when all the items of the account are admitted to be correct except certain ones which are left by the parties for future adjustment, the account becomes stated as to those items which are admitted to be correct."   Lemke v. Thompson, 35 N. D. 192.

The rule in this jurisdiction that an account can be opened or corrected or impeached only on the ground of mistake or fraud or undue advantage is well settled in Montgomery v. Fritz, 7 N. D. 349; Lay v. Emery, 8 N. D. 515; Little v. Little, 2 N. D. 175.

*McGee & Goss,* for respondent.

Fraud may be predicted on the nonperformance of a promise in certain cases where the promise is the device to accomplish the fraud, or where a relation of trust and confidence exists between the parties. False representations as to future events will constitute fraud where those events depend upon the acts of the parties making the representations and form the inducement whereby the other party is led into the transaction.

And, if the promise is accomplished with statements of existing facts which show the ability of the promisor to perform his promise, and without which the promise would not be accepted or acted upon, such statements are denominated representations, and if falsely made are grounds of avoiding the contract, though the thing promised to be done lies wholly in the future. 12 R. C. L. 257, ¶ 23.

It is very generally held that fraud may be predicated of a promise accompanied by a present intention not to perform it and made for the purpose of deceiving the promisee and inducing him to act where otherwise he would not have done so, and by virtue of which the promisor has procured either real or personal property from the person to whom the promise is made. 12 R. C. L. 26, ¶ 28.

Under the general rules as to the latitude of inquiry permitted in actions involving fraud, plaintiff is entitled to introduce any facts or circumstances otherwise competent tending to establish presence of a fraudulent intent, such as that the false representations were made with knowledge of their falsity and with the intent that plaintiff should act upon them. 27 C. J. 56, § 189.

Evidence of defendant's subsequent conduct may be admissible to show fraudulent intent, or motive for making the alleged fraudulent representations. Same authority, § 190.

One who wilfully deceived another with intent to induce him to his injury is liable to an action of deceit for any damage which the injured party suffers thereby. Guild v. More, 32 N. D. 432, 155 N. W. 44.

Where a person makes material false representations concerning matters and under circumstances which from their nature or situation may be assumed to be within the peculiar knowledge or under the power of the party making the representations, the party to whom it is made has a right to rely on them and it will be presumed that the

party to whom such material false representations were made relied and acted thereon. Guild v. More, 32 N. D. 468.

Ordinarily one who buys property has a right implicitly to rely upon representations of the seller, and, if they were false and made with intent to deceive the purchaser, the seller will not be allowed to urge that the buyer, by investigation, could have discovered their falsity. Fargo Gas & Coke Co. v. Fargo Gas & E. Co. 4 N. D. 219, 59 N. W. 1066.

The authorities agree that in determining whether a contract shall be treated as severable or as an entirety the intention of the parties will control, and this intention must be determined by a fair construction of the terms and provisions of the contract itself. In order to arrive at a correct construction, due regard must be had to the intention of the contracting parties as revealed by the language which they have employed and the subject matter to which it has reference. 6 R. C. L. 858, § 246.

A party may attack an account stated for fraud, mistake or error, whether his admission of its correctness was expressed or implied, merely from a failure to object to the account when rendered. 1 R. C. L. p. 17, § 16.

It may be now said that an account stated does not create an estoppel, and that neither a stated nor a settled account is conclusive, but simply affords strong presumptive evidence which may be rebutted by showing fraud or mistake. 1 C. J. 709, § 335.

To constitute an account stated the admission must be direct and unconditional. Thus where a debtor admits the correctness of the charge against himself but accompanied such an admission with a demand for additional credits, the transaction does not constitute an account stated. 1 C. J. 668; Cahill v. Morrissey (Neb.) 93 N. W. 204; Hall v. New York, 88 N. Y. Supp. 582; Weigel v. Hartman Co. (N. J. L.) 20 Atl. 67; Stephens v. Tuller, 4 Mich. 387; Shea v. Kerr (Del.) 40 Atl. 24; Pierce v. Pierce (Pa.) 48 Atl. 689.

Where the promise to pay is conditional upon a future event, the party seeking to recover on the account stated must show the happening of the contingency. 1 C. J. 698, § 302, and authorities under note, 86 citing Work v. Beach, 6 N. Y. Supp. 27.

Where plaintiffs allege an express contract as a basis for recovery,

they will not be permitted to recover on an implied contract or quantum meruit.    Lowe v. Jenson, 22 N. D. 148, 132 N. W. 661.

JOHNSON, J.    This is an appeal from a judgment of the District Court of Ward County, entered upon two verdicts, one dismissing the plaintiffs' action and the other dismissing defendant's counterclaims. This case was here on a former appeal.    See 42 N. D. 319, 172 N. W. 782.

The plaintiffs are partners and were, at the time the facts constituting the cause of action arose, engaged in the business of plumbing and heating contractors in the city of Minot.    The complaint alleges that between the 15th day of October, 1916, and the 5th day of October, 1917, the plaintiffs, at the special instance and request of the defendant and pursuant to a contract therefor, performed labor and furnished materials in and about the construction and installation of a heating and plumbing system in a certain building belonging to the defendant and that the reasonable value of the materials furnished and the services rendered was $8607.85; that no part of this has been paid except the sum of $6613.95, and that on or about the 23rd day of January, 1918, the plaintiffs and defendant agreed upon a stated account of the balance due in the sum of $2068.73; that there is due and owing thereon to the plaintiffs the sum of $2068.73 with interest from the 23rd day of January, 1918.    Judgment is demanded for this amount.

The defendant answered, admitting the rendition of an account on the 23rd day of January, 1918, and that the defendant agreed to the correctness of the same and promised to pay it, and did, in fact, pay thereon the sum of $260.00.    The defendant then alleges that at the time the parties agreed upon the balance, as aforesaid, and as a part of the same transaction, the plaintiffs agreed to remedy defects alleged to exist in the heating and plumbing installed by the plaintiffs and to make the same satisfactory to the defendant; that the plaintiffs knew that such system was unsatisfactory, improper and inefficient and promised to remedy the same so that the system would properly and adequately heat the building under all weather conditions and furnish a complete supply of hot water at all times to the apartments therein; that the plaintiffs admitted that the equipment was insufficient and did not operate successfully and that plaintiffs did "state and represent

that if the defendant would approve a settlement of their mutual accounts in the sum of $2068.73, that the plaintiffs would remedy any and all deficiencies aforesaid in said heating system and in the plumbing system they had installed in the said apartment building;" it is then alleged that the defendant agreed to the account stated in good faith, because of the statements, representations and promises made by the plaintiffs, as alleged. Defendant further alleges that she was ignorant of the real cause of the deficiency in the heating system and did not discover the cause until afterwards; that the plaintiffs failed, neglected and refused to remedy the deficiencies and to perform according to their promises and representations; that the representations made on and prior to January 23, 1918, by plaintiffs to defendant were fraudulently made, without intention to perform the same, but were made for the sole purpose of deceiving the defendant and inducing her to settle an account and promise to pay the account thus stated.

As a second defense the defendant alleges: That the plaintiffs performed work and labor and furnished materials between August 15, 1916, and October 5, 1917, upon the building aforesaid, under a contract therefor; that on or about September 1, 1916, defendant had drawings and specifications prepared, specifying therein, upon the advice of her architect, a boiler for such building of the capacity of 6500 square feet of radiation as necessary to adequately heat such building and a third story to be added later, and the installation of a necessary hot water system, together with such plumbing as was specified; that such heating system and plumbing were to be installed pursuant to plans and specifications and that plaintiffs furnished bids for the work pursuant to an advertisement for such bids; that thereafter and prior to October 13, 1916, the plaintiffs, for the purpose of inducing defendant to modify such plans and specifications, falsely and fraudulently represented to defendant that her architect was inexperienced and ignorant and that many details called for in the specifications were unnecessary and that the boiler capacity was excessive and greater than necessary to heat the building; that it was not necessary to provide for a separate hot water heating plant and that many other details were useless and unnecessary and that a smaller boiler, to-wit, of the capacity of 3800 square feet of radiation would

be ample; that plaintiffs falsely stated to defendant that if she would overrule her architect in these particulars and alter the original plans and permit plaintiffs to install the smaller boiler, that the smaller boiler would be adequate under all weather conditions to heat the building; that plaintiffs did represent that because of long experience in the work they knew the needs and requirements of such a building better than her architect and persuaded defendant to rely on their judgment, and that the defendant, persuaded by the plaintiffs as aforesaid, modified the original plans accordingly, in reliance upon the statements and representations of the plaintiffs. It is then alleged that the plant installed was wholly inadequate and did not work, that the apartments were cold and that the defendant was forced to incur considerable expense, which is alleged in some detail in the answer, because of the insufficiency and inefficiency of the system installed by the plaintiffs. It is then alleged that because of the defects and deficiencies alleged in the second defense, the plant is useless and worthless and that the defendant has been damaged in the sum of $3000.00.

As and for a third defense the defendant re-alleges most of the allegations of the second defense, supra, and some other matters not substantially different from those alleged in the second defense, claiming damages under this defense in the sum of $3319.00.

Defendant then sets up three counterclaims, based upon the allegations of the defenses heretofore summarized and the expenses incurred by the defendant in remedying the defects and in installing wholly or in part a new system in lieu of that installed by the plaintiffs. The third counterclaim was withdrawn by defendant at the conclusion of the trial. The plaintiffs replied, interposing a general denial to the counterclaims.

The testimony of the defendant tended to support the allegations of her answer that the plans and specifications were modified largely upon and in conformity with the suggestions of the plaintiffs.

The jury returned two verdicts, one for a dismissal of plaintiffs' action and the other for a dismissal of the two counterclaims. Before the case was submitted, the plaintiffs asked the court to direct a verdict, but the motion, having been resisted, was denied under the statute. After the verdicts were returned, plaintiffs moved for judgment non obstante, which motion was denied. A judgment of dismissal

was entered upon the verdict and the appeal is taken from the judgment.

The appellants specify numerous errors. Error is assigned because the court gave certain instructions to the jury and upon the refusal of the court to dismiss defendant's counterclaim at the opening of the trial and for denying a motion for judgment on the pleadings at the opening of the trial. It is also contended that the court erred in submitting plaintiffs' counterclaims to the jury and in denying a motion to strike the counterclaims at the close of the case. Lastly, it is contended that the motion for judgment notwithstanding the verdict should have been granted because of the insufficiency of the evidence to support the verdict dismissing the plaintiffs' case.

We shall first examine the instructions of which complaint is made.

It must be noted that the suit is upon an account stated; that both the answer and the testimony admit that the account was correct at the time it was made; and that the correctness of the account has never been impeached in any manner. The theory of the defense apparently was that the plaintiffs, at the time the account was stated and as a part of the same transaction, agreed to remedy certain alleged defects in the systems installed by them; that they failed to do so; that defendant suffered damage because of such defects and because of the failure of the plaintiffs to perform their agreement to remedy the alleged deficiencies. Fraud or misrepresentation anterior to the settlement of the account and pertaining to the modification of the plans and specifications does not tend to establish a right in behalf of defendant to defeat the plaintiffs' cause of action upon an account stated, unless they tend to show that the defendant agreed to the correctness of the account because of fraud or misrepresentation. There was no fraud or misrepresentation alleged or proved as an inducing cause for the making of this stated account between the parties except the allegation that the promise to remedy the defects was fraudulently made, without intention to perform, and for the sole purpose of inducing the defendant to agree to the account.

After summarizing the allegations in the complaint and in the defendant's answers, the court said to the jury: "The foregoing allegations by the plaintiffs and defendant constitute an issue as to whether or not the account stated shall stand between the plaintiffs and the

defendant." Again: "In order to set aside the account stated, the defendant must prove by a fair preponderance of the evidence that the representations made by plaintiffs were false, that the plaintiffs making such representations knew the representations were false at the time they were made, and were made by the plaintiffs for the purpose of deceiving the defendant, and that it was the false representations that induced the defendant to agree to the account stated." The foregoing instruction is clearly correct and appropriate when it is sought to impeach an account stated upon the ground of fraud, that is to say, when it is sought to show that the defendant was induced to agree to the account by fraudulent representations.

Again, the court said: "If the jury decides that the defendant has borne the burden of proof in this particular, and if you find that the defendant's agreement to the account stated was thru such fraud as I have heretofore defined to you, then you would not consider the account stated as binding upon the defendant, but would find for the defendant for a dismissal of plaintiffs' cause of action." Further: "Upon the foregoing instructions it will be your duty to return two verdicts in this case, that is, for or against the plaintiff on his account stated as set out in plaintiffs' complaint, a verdict for or against the defendant on her counterclaim. . . . Four forms of verdict will be submitted to you, two of which you will sign and return as I have heretofore charged you." It is contended that the foregoing instructions are erroneous, that only two forms of verdicts should have been submitted and that the court confused the jury and misled it into error by failing to distinguish between representation of an existing fact and a mere promise to do something in the future. As heretofore stated, the theory of the defense as developed in the testimony is not that the items of the account are incorrect in any particular, but that she would not have agreed to pay the balance at that time existing and conceded to have been correct but for the promise of the plaintiffs to do something thereafter, that is, to remedy the alleged defects in the construction, which promise they had no present intention of performing. The theory of the instructions is that the testimony of the defendant, if believed, was sufficient to destroy the account stated and to justify a verdict dismissing the plaintiffs' cause

of action. It is this instruction of which the appellant principally and most strenuously complains.

The rule seems to be well settled that an account stated, or a settled account, can be impeached or set aside only on the ground of mistake or fraud. Montgomery v. Fritz, 7 N. D. 349, 75 N. W. 266; Lay v. Emery, 8 N. D. 515, 79 N. W. 1053; Behrens v. Kruse, 132 Minn. 69, 155 N. W. 1065, 156 N. W. 1; 1 C. J. 709; 1 R. C. L. 17. See also Kenyon v. Johnson, 144 Minn. 48, 174 N. W. 436; Parsons v. Segno, 187 Cal. 260, 201 Pac. 580.

It is elementary that instructions should be confined to the issues presented by the evidence (Pease v. Magill, 17 N. D. 166, 115 N. W. 260) and instructions on issues or matters not raised by the evidence are erroneous. Grandin Invest. Co. v. Hartung, 49 N. D. 364, 191 N. W. 783; 38 Cyc. 1618. It seems also to be settled that if an instruction is not warranted by the evidence and is calculated to mislead the jury, the giving thereof constitutes reversible error. Grandin Invest. Co. v. Hartung, supra; 38 Cyc. 1621.

The suit being upon an account stated, the plaintiff must stand on and prove the account and an unqualified assent to its correctness by a preponderance of competent evidence. 1 R. C. L. 211; 1 C. J. 722; Martin v. Heinze, 31 Mont. 68, 77 Pac. 427. The plaintiffs rely upon the new cause of action arising from the obligation created in the nature of a stated account when the plaintiffs and the defendant and her architect met in the architect's office on January 23, 1918. Plaintiffs could not recover upon a quantum meruit (1 R. C. L. 220) or upon the previously existing account. 1 C. J. 726. See also Cahill, S. Mfg. Co. v. Morrissey Plumbing Co. 3 Neb. (Unof.) 865, 93 N. W. 204; Mayer Coal Co. v. Stallsmith, 89 Kan. 81, 129 Pac. 831; 1 R. C. L. 220; 1 C. J. 726.

It should also be noted that the undisputed testimony of the defendant, in part corroborated by the witness Gubenhagen, who was first called as a witness for the plaintiffs, is to the effect that her promise to pay the account presented on the 23rd. of January, 1918, was upon the condition that the plaintiffs remedy alleged defects in the hot water system and the heating plant, neither of which was at that time giving satisfaction. The promise to pay an account stated need not be express; the law implies a promise to pay the amount agreed

to be due. Western Newspaper Union v. Segerstrom Piano Mfg. Co. 118 Minn. 230, 136 N. W. 752. The undisputed testimony of the defendant is fairly susceptible of the construction that there was an express promise to pay the stated account, but on the condition that the plaintiffs remedy the defects in the hot water and heating systems. This is not a condition which the law otherwise implies from the fact of the adjustment of the account. The result is that the implied promise is excluded. Buckeye Brewing Co. v. Eymer, 162 Mich. 294, 127 N. W. 295. The promise to pay was not unqualified or unconditional. It was upon a condition which the plaintiffs never performed or fulfilled. Abbott, Trial Ev. 2d ed. p. 565; 2 Greenl. Ev. § 126. Under such circumstances the transaction does not give rise to an independent cause of action upon an account stated. Stewart v. St. Louis & Suburban R. Co. 157 Mo. App. 225, 137 S. W. 46; Masters v. Walker, 99 Or. 299, 195 Pac. 381. Where the evidence tending to show an account stated is not in dispute, the question of whether there was an account stated is, as a general rule, for the court. South Side Trust Co. v. Washington Tin Plate Co. 252 Pa. 237, 97 Atl. 450.

At the time the account is alleged to have been stated between the parties, there was a claim made by the defendant that the heating system was not functioning properly and there is evidence from which a jury could find that for some reason the system was inadequate to heat the flat and that it was necessary to use oil heating stoves in cold weather, and that the defendant, in good faith, claimed that the heating system installed by the plaintiffs was not functioning properly. On the date when the account is alleged to have been stated, the defendant testifies, in substance, that she would not have agreed to the account, which was signed and agreed to in her presence by her architect, tho not signed by herself, but for the promise of the plaintiffs to remove any defects in the heating system and to put the same in working and functioning condition. She further says that the plaintiffs agreed to do this immediately and that if anything was not right it would be made right. She testifies that notwithstanding this promise, which constituted the inducement to her agreeing to the correctness of the account, the plaintiffs did nothing and made no effort whatever to remove the defects of which she had complained. The evidence

further shows that a few days after the account is alleged to have been stated, plaintiffs commenced an action thereon against the defendant; that when she complained of this, she was advised by one of the plaintiffs that the suit "will not make you any further trouble;" on this point defendant testifies: "Mr. Connolly told me that he would see that there was no further trouble. I did not hire anybody to defend me and the first thing I knew there was a judgment against me." Defendant applied to the trial court to reopen this judgment and, as appears in 42 N. D. 319, 172 N. W. 782, where the facts are fully stated, this court ordered the judgment opened. It is largely upon the foregoing testimony that the defendant bases her contention that the promise made by the plaintiffs was made in order to induce her to agree to the account, was made in bad faith and without any intention on their part to perform the same. Is this evidence sufficient to support a finding of such fraud or misrepresentation as would justify the jury in dismissing the action on the stated account and setting the same aside on the ground of fraud?

That fraud may be predicated on the nonperformance of a promise, where the promise is made for the purpose of accomplishing fraud, seems to be established in numerous decisions. See 12 R. C. L. 257. The fact that the thing promised lies wholly in the future is not conclusive against the right of the defendant to rely upon fraud based upon nonintention to perform. "It is very generally held that fraud may be predicated of a promise accompanied by a present intention not to perform it, and made for the purpose of deceiving the promisee and inducing him to act where otherwise he would not have done so, and by virtue of which the promisor has procured either real or personal property from the person to whom the promise is made." 12 R. C. L. 261. When a promise is made, the promisor, by necessary implication, asserts a present and bona fide intention to perform; if, however, notwithstanding, such implied assertion of a fact the intention to perform be not present, there is a misrepresentation of a fact upon which fraud may be predicated. The real gist of the fraud in such a case is not the breach of the agreement to perform, but the fraudulent intent of the promisor, and the false representation of an existing intention to perform where such intent is in fact nonexistent. The promisor in such a case has represented to the promisee the existence

51 N. D.—38.

of a fact, namely, of a present intention to perform the promise made, which is, however, contrary to the truth in this, that an intention not to perform is in fact present. There is present an intent to deceive and mislead the promisee to do an act which, but for such representation, he would not do. It is often difficult to prove the absence of an intent to perform such a promise; to establish that fact it is necessary to prove a state of mind. The intention not to perform "may be inferred from the fact that after performance by the promisee the promisor does not even make a pretense of carrying out his promise or evades and refuses to perform it." 12 R. C. L. 262; Rogers v. Harris, 76 Okla. 215, 184 Pac. 459. "Fraud may be predicated on the non-performance of a promise in certain cases where the promise is the device to accomplish the fraud, or where a relation of trust and confidence exists between the parties. So, if through inducements held out by one person, even by means of a promise alone, another is influenced to change his position so that he cannot be placed in statu quo, and will be seriously damaged unless the promise is fulfilled, then the refusal to perform is fraud." 12 R. C. L. 257. The foregoing statement of the rule is approved and applied in Daniel v. Daniel, 190 Ky. 210, 226 S. W. 1070. The testimony of the defendant heretofore adverted to as to the promises and representations made at the time the alleged account stated was made, as well as the subsequent conduct of the plaintiffs with reference thereto, were matters properly submitted to the jury as bearing upon the existence of a fraudulent intent. "Evidence of defendant's subsequent conduct may be admissible to show fraudulent intent and motive for making an alleged fraudulent representation." 27 C. J. 56. See also Guild v. More, 32 N. D. 432, 155 N. W. 44. We are not prepared to say, as a matter of law, that the evidence is insufficient to support a finding by the jury that the promise to correct the defects alleged to exist in the hot water system and in the heating plant was not made in good faith by plaintiffs, and that they never intended to perform the same, but made the same in order to induce the defendant to agree to an account stated. We conclude, therefore, upon this branch of the case, that there is sufficient evidence in the record to support a finding of fraud justifying a setting aside of the account stated and consequently a dismissal of the plaintiffs' cause of action. This conclusion dis-

poses of the alleged error based on the theory that there was no evidence justifying or requiring instructions upon questions of fraud and deceit.

It is next contended that the verdicts of the jury are inconsistent and indicate confusion. Having dismissed the counterclaims and also dismissed the plaintiffs' cause of action, it is said that the jury arrived at inconsistent conclusions. We do not believe that this contention can be sustained. In dismissing plaintiffs' cause of action, which was on an account stated, that is, on a contract, the jury simply found that the account stated was procured by fraud and misrepresentation and that the plaintiffs could not maintain an action thereon. In dismissing the counterclaims, the jury found that the defendant had failed to establish damages entitling her to an affirmative judgment for any amount. Manifestly, there is not necessarily any inconsistency in the result.

Error is also assigned because the trial court denied plaintiffs' motions to dismiss the counterclaims. The jury, however, dismissed both counterclaims and under the facts here there was no prejudicial error committed. Grover – Tingle, 21 Ky. L. Rep. 885, 53 S. W. 281.

The error assigned and based upon the refusal of the trial court to grant plaintiffs' motion for judgment notwithstanding the verdict, upon the ground that the evidence was insufficient to support the verdict dismissing the plaintiffs' case, cannot be sustained. We have pointed out heretofore that there is sufficient evidence in the record to warrant the giving of instructions upon questions of fraud and deceit in connection with the procuring of the account stated from the defendant and to support a verdict finding such fraud. This conclusion disposes of the contention that a motion non obstante upon the ground of insufficiency of the evidence should have been granted.

While the plaintiffs do not seriously urge the error assigned upon the refusal of the trial court to grant a motion made at the opening of the trial for judgment on the pleadings, we have examined this specification and concluded that it is without merit. The answer has been summarized at some length in this opinion and it appears clearly therefrom that while the making of an account stated is virtually admitted, it is alleged that the same was procured by fraud and deceit,

to-wit, a promise by the plaintiff to do something in the future without a present intention to perform. For reasons heretofore stated, there was no error in denying this motion.

Finding no error in the record, the judgment of the trial court is affirmed.

CHRISTIANSON, NUESSLE, and BIRDZELL, JJ., concur.

BRONSON, Ch. J., concurs in result.